IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN UNIVERSITY, in Providence in the State of Rhode Island and Providence Plantations<br>Defendant. | Civil Action No. 17-cv-191-JJM-LDA |

## MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM

The Plaintiff, John Doe, by his attorneys, seeks authorization to file the Second Amended Complaint in the above-captioned matter as a pseudonymous plaintiff, and to also identify the witnesses by way of pseudonym. The witnesses for whom Plaintiff seeks the pseudonym prophylactic are all students or graduates of Defendant, Brown University, as well as the coach of Plaintiff's athletic team at Brown, whose identity, if known, would lead to the identification of Plaintiff. The Court has previously allowed such motions in similar cases, namely C.A. 2016-cv-562-WES-LA, 2016-cv-017-WES-PAS, and 2015-cv-239-JJM-PAS. In light of the sensitive and highly personal nature of the factual averments contained in the Complaint, plaintiff is justifiably concerned that disclosure of his identity and the identities of the other individuals will unduly embarrass and hamper the individual's future educational and career aspirations. Thus, said individuals would be forced to endure further damages beyond those already inflicted. Plaintiff is prepared to provide a non-redacted complaint with true identities under seal.

## STATEMENT OF FACTS

Plaintiff asserts causes of action for violation of Title XI, Title IX, 42 U.S.C § 1981 generally

based on race, gender, and sex discrimination and retaliation. The underlying facts concern false accusations of sexual assault against him and a sexual assault upon the Plaintiff that Defendant Brown did not prosecute on Plaintiff's behalf in any fashion under Title IX. Accordingly, plaintiff has described in his Complaint the encounters at issue and elements of those encounters that establish that he did not engage in any sexual misconduct and was in fact sexual assaulted. The facts are explicit and could subject the Plaintiff and identified witnesses to additional mental and emotional distress and embarrassment.

## **ARGUMENT**

While parties and witnesses to a lawsuit are usually required to proceed under their real names, see, e.g., Fed. R. Civ. P. 10(a), federal courts have permitted them to proceed anonymously when special circumstances arise. See generally, John Doe v. Blue Cross & Blue Shield, 794 F. Supp. 72 (D.R.I. 1992). In Doe v. Blue Cross & Blue Shield, Judge Pettine permitted a transsexual plaintiff to use a fictitious name. In so doing, he stated that "[p]eople may have a right not to disclose their sexual histories and preferences, and a strong interest in nondisclosure." Id. at 73 n.1.

Generally, courts allow the use of pseudonyms "[w]here it is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment …." United States v. Doe, 655 F.2d 920, 922 (9th Cir. 1977), citing United States. v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). "'Where the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 99 F.2d 707, 712-713 (5th Cir. 1979), quoting Doe v. Deschamps, 64 F.R.D. 652,

653 (D. Mont. 1974).

Generally, courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Does I thru XXIII v. Advanced Textile Corp., 214 F. 3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms in three situations, one of which is: "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature:" Id.

In light of nature of the disclosures in the Complaint and the Court's prior allowance of a similar motions in similar cases involving sexual assault and the false allegations of sexual assault against Plaintiff and the interest of the witnesses identified in the complaint, Plaintiff should be permitted to continue to protect his identity, and the identity of the witnesses, by using pseudonyms. Plaintiff is prepared to address measures to protect the confidentiality of his identity and that of the witnesses should the Court require disclosure to the public at a later stage in the proceedings.

        Respectfully submitted,
        Plaintiff John Doe,
        By his Attorney,


        */s/ Sonja L. Deyoe*
        Sonja L. Deyoe, Esq. #6301
        Law Offices of Sonja L. Deyoe
        395 Smith Street
        Providence, RI 02908
        (401) 864-5877
        (401) 354-7464 Fax
        sld@the-straight-shooter.com


        Susan Kaplan (*pro hac vice*)
        *Attorney for Plaintiff, John Doe*
        30 Wall St., 8th Fl.
        New York, NY 10005
        347.683.2505
        skaplan@lawkaplan.com

Dated: November 30, 2017

## CERTIFICATION

I certify that a copy of the above has been filed via ECF and served on all parties of record in the above entitled matter on this 30th Day of November 2017.

/s/ Sonja L. Deyoe