UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JOHN DOE, a Pseudonym** : | |
| : | |
| *Plaintiff*, : | |
| : | **C.A. No.: 2017-191-JJM-LDA** |
| v. : | |
| : | |
| **BROWN UNIVERSITY** : | |
| : | |
| *Defendant*. : | |

**NON-PARTY RHODE ISLAND HOSPITAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH AND/OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER**

Nonparty Rhode Island Hospital (the "Hospital") hereby seek a Protective Order from this Court and/or an Order quashing the subpoena served on or about October 16, 2018, regarding certain health care information sought in the above-captioned matter (attached hereto as **Exhibit A**). In support of this Motion, the Hospital states that the medical records sought are subject to protection by state law, and specific notification requirements. In further support of the Motion, the Hospital relies upon the argument set forth below.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45 governs the use of subpoenas to obtain discovery from non-parties. *See* Fed. R. Civ. P. 45. A non-party witness is subject to the same scope of discovery as a party is under Rule 34. *See id.* (Advisory Committee's note to the 1970 amendments).

Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits

18574051-v1
Oral Argument Requested

specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[1] Fed. R. Civ. P. 45(d)(3)(A); *see also United States ex rel. Banigan v. Organon USA Inc.*, No. 07-12153-RWZ, 2013 U.S. Dist. LEXIS 4047, at *3 (D. Mass. Jan. 9, 2013) (granting a non-party's motion to quash); *BSN Med., Inc. v. Parker Med. Associates*, *LLC*, 2011 U.S. Dist. LEXIS 4833, at *2 (S.D.N.Y. Jan. 19, 2011) ("Rule 45 should be read in conjunction with the limitations of discovery found" in Rule 26 and court "must balance the burden of production against the need for the requested documents"). Judges of this Court have similarly entertained motions to quash non-party subpoenas that seek a plaintiff's medical records. *See, e.g.*, *Tavares v. Enter. Rent-A-Car Co.*, No. 13-521S, 2014 U.S. Dist. LEXIS 95604, at *7 (D.R.I. June 25, 2014) (Sullivan, Mag. J.) (granting in part and denying in part).

## ARGUMENT

### A.  The Information Sought is Confidential and Privileged.

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws §5-37.3-1 *et seq.*, general bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act provides, in part, that a provider may only comply with the subpoena if the information is authorized to be released or if "[d]isclosure is ordered by a court after challenge." R.I. Gen Laws § 5-37.3-6.1(a)(3). The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen Laws § 5-37.3-4 (a)(1)-(3). Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

---

[1] "Ample authority exists holding that timeliness means within the specified compliance period, so long as that period is of reasonable duration." *Diodato v. Wells Fargo Ins. Servs. USA*, No. 1:12-CV-02454, 2013 U.S. Dist. LEXIS 162907, at *3 (M.D. Pa. Nov. 15, 2013) (motion filed on day of compliance was "timely" (internal citation and quotation marks omitted)).

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient". R.I. Gen. Laws § 5-37.3-3 (3)(ii). The word "treated" is not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of a motion to quash, the Act requires that "the court *shall* grant a motion to quash unless the requesting party can demonstrate that there are reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information *clearly outweighs* the privacy interest of the individual." R.I. Gen Laws § 5-37.3-6.1(d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

In the instant case, the information requested in the subpoena contains sensitive information. The patient has not provided the Keepers of Record with an authorization form or release of the requested records. Therefore, based upon the foregoing, the Hospital cannot release the subject records. Thus, Rhode Island Hospital requests that the Court issue a Protective Order and/or an Order quashing the subpoena issued to it.

Counsel for the Hospital has attempted, in good faith, to resolve the issues addressed herein without resorting to filing the instant motion, but it has become apparent that Court intervention is necessary, given the confidential nature of the information sought.

**RHODE ISLAND HOSPITAL,**

By Their Attorneys,

*/s/ William M. Daley*
William M. Daley (#9477)
Kathryn M. Rattigan (#8806)
**ROBINSON & COLE, LLP**
One Financial Plaza, Suite 1430
Providence, Rhode Island 02903
Telephone: (401) 709-3300
Fax: (401) 709-3399

Dated: October 19, 2018

## **ORAL ARGUMENT REQUESTED**

   To the extent that the Court believes oral argument will be necessary to resolve any of the issues raised in this motion and supporting memorandum, counsel for the Hospital requests Oral Argument pursuant to LR Cv. 7(e).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of October, 2018, I personally caused a copy of the foregoing to be filed via the Court's CM/ECF system, which will send an email to all counsel of record in this matter, containing a link to this document.

Steven M. Richard, Esq.
Nixon Peabody, Esq.
One Citizens Plaza
Providence, Rhode Island 02903

Susan Kaplan, Esq.
The Kaplan Law Office
30 Wall Street, 8th Floor
New York, New York 1005

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, Rhode Island 02908

*/s/ William M. Daley*
William M. Daley