UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,<br> Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br> Defendant. | C.A. No. 17-191-JJM-LDA |

ORDER

Defendant Brown University seeks an order requiring Plaintiff to Proceed Under His Real Name. ECF No. 36. In his objection to the motion, Plaintiff recasts this as a motion to reconsider. ECF No. 43.

Almost a year ago, this Court granted Plaintiff's Motion to Proceed under Pseudonym (ECF No. 16) after Brown took no position on the motion. Brown now asks this Court to revisit that ruling. The main thrust of Brown's motion is that Plaintiff is no longer a student at Brown, and that he has publicized on social media his status as a Brown graduate. All other facts remain as they were when the Court granted Plaintiff's motion.

The First Circuit has been consistent in its admonition that courts are to grant motions for reconsideration in only extreme circumstances and only where specific factors are present.

> The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.

1995)). The moving party "must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004)).

*Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012). Brown has failed to show either a manifest error of law or newly discovered evidence.

Although Brown points to the fact that Plaintiff is no longer a student, it fails to articulate why this factor changes the calculus. That Plaintiff was a current student was not why the Court granted the motion. And it was not a stated reason Brown did not oppose the motion. Plaintiff's assertion of a social stigma from being identified as a perpetrator of sexual crimes that he claims he did not commit, remains no matter if he is a student.[1]

The Court DENIES the Defendant's Motion to Require Plaintiff to Proceed Under His Real Name. ECF No. 36.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 19, 2018

---

[1] Brown also argues as a reason to revisit this issue, that Plaintiff is only seeking monetary damages and is no longer seeking injunction relief. Plaintiff points out, however, that he continues to seek injunctive relief. ("An expungement of all records in John's academic file in connection with Title IX 1 and Title IX 2." ECF No. 43-1 at 3.)

2