UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )   C.A. No. 17-191-JJM-LDA |
| BROWN UNIVERSITY,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

ORDER

The parties have informally brought a discovery dispute to the Court by letters, at the invitation of the Court. Plaintiff, John Doe, filed a First and Second Request for Production of Documents to the Defendant, Brown University. Brown filed its responses and objected to some requests. The parties tried to resolve the dispute and, upon not resolving them, are seeking a court ruling on these objections.

After a review of the letters, and the entire file, the Court issues the following order about the discovery dispute between the parties.

Request No. 20: All documents provided to any independent contractors, agents or employees of Brown concerning the operation, interpretation, or application of Brown's racial discrimination policies from January 1, 2011 to the present.

Brown objects to this request on relevance and proportionality grounds claiming that Plaintiff filed no complaint with Brown for racial discrimination. Brown also objects "because its scope includes matters relating to faculty under Brown's faculty rules or its employees under its personnel policies, which have no relevance to this litigation. Also, the stated time period is overly broad." The first

objection does not hold weight because Plaintiff plead claims under Title VI for racial discrimination and so discovery for some documents on Brown's operation, interpretation, or application of the racial discrimination policy is relevant. Proportionality is the big question. How broadly should the Court let the Plaintiff search for these documents? Brown should produce the information relating to its racial discrimination policies for students from 2013-2018—the period Plaintiff was on campus—including its interpretation, application, or operations.

<u>Request No. 24</u>: Any and all documents for each and every complaint or allegation of sexual misconduct received by Defendant that was made by a student or employee from January 1, 2011 to the present, demonstrating the following information: (a) Complaint/allegation, (b) Identify the gender and race of both the complainant(s) and respondent, (c) Identify the investigator for each complaint, (d) Identify whether the respondent filed a counter-complaint against the complainant, (e) Any findings made by Brown, (f) Any document memorializing the outcome, (g) Any decision resulting from an appeal, (h) Any public announcement related to the complainant/allegation and/or outcome.

Brown objects to this request on relevance and proportionality grounds, claiming "it would require Brown to compile and produce all the case files and communications associated with sexual misconduct cases dating back eight years." Relevancy is not an issue, proportionality is and whether the Federal Educational Rights and Privacy Act ("FERPA") applies. Under FERPA, Brown must notify the individuals who appear in the school records who then must approve the disclosure before producing these documents. Brown can provide these documents with redactions of personal identifying information other than the race/gender of the complainant/respondent. The Court again narrows the period to the 2013-2018-time frame that Plaintiff was at Brown.

<u>Request No. 25</u>: Any and all documents for each and every complaint or allegation of racial discrimination received by Defendant that was made by a student or employee from January 1, 2011 to the present, demonstrating the following information: (a) Complaint/allegation, (b) Identify the race and gender of both the complainant, (c) Any findings made by Brown, (d) Any document memorializing the outcome, (e) Any decision resulting from an appeal, (f) Any public announcement related to the complainant/allegation and/or outcome.

Relevance is again not an issue because Plaintiff plead a Title VI racial discrimination claim. It is immaterial for discovery purposes that Plaintiff filed no administrative claim with Brown for racial discrimination. This request falls into the same issue as Request 24 so that Brown must supply documents with proper redactions. The Court limits the request to 2013-2018.

<u>Request No. 26</u>: All documents, communications and reports filed with the United Stated Department of Education, since January 1, 2011 to the present, concerning Brown's Title IX compliance and incidents of alleged sexual misconduct at Brown.

Brown objects to this request on relevance and proportionality grounds, particularly it produced documents confidentially to the Department of Education. The documents are relevant to the litigation. Brown will produce the documents that are subject to FERPA with proper redactions. The Court again limits the request to 2013-2018.

<u>Request No. 31</u>: Any and all statistical compilations prepared by or on behalf of Brown concerning incidents of alleged sexual misconduct at the University, including all other documents reporting the gender of the complainant and alleged perpetrator, the nature of the alleged misconduct, and the resolution or outcome of the complaint and any disciplinary process since January 1, 2009 to the present addressed in the statistical compilations.

Brown objects to this document request on both relevance and proportionality grounds. Brown refers Plaintiff to Brown's answer to Interrogatory No. 1, which

supplies proper responsive information. The Defendant is correct, the Plaintiff is requesting the same information. The Court sees no major difference between the requests.

Request No. 32: Any and all statistical compilations prepared by or on behalf of Brown concerning incidents of alleged racial discrimination at the University, including all other documents reporting the gender of the complainant and alleged perpetrator, the nature of the alleged misconduct, and the resolution or outcome of the complaint and any disciplinary process since January 1, 2009 to the present addressed in the statistical compilations.

Brown objects to this request on relevance and proportionality grounds. The Court narrows this request to 2013-2019 student matters. So long as the statistics, if in existence, do not have identifying information, the Court requires Brown to produce it.

Request No. 33: Any audits, reviews or analyses prepared by Brown or any third party relating to Brown's student disciplinary procedures; separation orders; Brown's Title IX policies and procedures and compliance with Title IX; and Brown's racial discrimination policies since January 1, 2009 to the present.

Brown objects to this request on relevancy and proportionality grounds. Brown also objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work product doctrine. Without waving these objections, Brown refers Plaintiff to the two reports issued by its Sexual Assault Task Force, which met during the 2014-15 academic year. Brown thinks its response identifying Sexual Task Force reports was responsive to this request. This is a reasonable request in that it seeks information/documents that are standard documents having procedures and policies for Title IX and race discrimination. Brown should produce

the requested documents. Brown mist list on a privilege log any documents it claims are protected by a privilege.

Request No. 5 (Second RFP): Any and all documents for each and every complaint or allegation of gender discrimination received by the Defendant that was made by a student or employee from January 1, 2011 to the present, demonstration the following information: (a) Complaint/allegation, (b) Identify the gender and race of both the complainant(s) and respondent, (c) Identify the investigator for each complaint, (d) Identify whether the respondent filed a counter-complaint against complainant, (e) Any findings made by Brown, (f) Any document memorializing the outcome, (g) Any decision resulting from the appeal, and (h) Any public announcement related to the complaint/allegation and/or outcome.

Brown objects because Plaintiff repeats requests from his First Request for Production of Documents and now seeks to broaden their scope by referring to matters of gender discrimination that exceed the scope of student sexual misconduct matters. Brown objects to this request on relevance, proportionality and FERPA grounds. Defendant's objection lacks merit because this request seeks information/documents from gender-based discrimination complaints filed with Brown. Gender-based discrimination is separate from sexual misconduct cases and so this is a separate request. The Court however, similarly narrows the scope of the request to the years of enrollment. And documents related to student complaints, appropriately redacted.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 11, 2019