UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN DOE,
                Plaintiff,

v.                                            C.A. NO. 17-191-JJM-LDA

BROWN UNIVERSITY,
                Defendant.

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FUTURE DAMAGES CLAIM THROUGH THE YEAR 2060 AND EXCLUDE THE TESTIMONY OF LEE E. MILLER

Defendant Brown University ("Brown") moves to strike Plaintiff's demand for future damages through the year 2060 and exclude the proffered testimony of Lee E. Miller in support of the claim for four decades of damages reduced to present value figures.

Plaintiff, age 25, graduated from Brown in May 2018 with an academic concentration in Theater and Performing Arts. After graduation, Plaintiff moved to Los Angeles to pursue a career in the entertainment industry, currently working for a major entertainment talent agency. He has also sought to establish a career in professional lacrosse. Yet, while he has been actively considering and pursuing several different career paths since his graduation, Plaintiff claims that Brown must pay him at least $1.2 million and up to $1.9 million for alleged future lost earnings through the year 2060, spanning his anticipated work life through his expected retirement at age 65. Simply put, Plaintiff wants an unjustified and substantial financial windfall from Brown.

To proffer his speculative and specious future damages claim, Plaintiff intends to present expert testimony from Lee E. Miller. Mr. Miller spent total time in this litigation equating to about one business day of work, including a less than two-hour meeting with Plaintiff. Yet, Mr. Miller purports to be able to project with reasonable certainty (1) what Plaintiff's entire work life career will be over the next forty years and (2) what it would have been through 2060 if Plaintiff had not

changed his mind six years ago during his freshman year about his intended academic concentration at Brown.  Mr. Miller's proffered testimony fails to meet the basic requirements of relevance and reliability to support its admissibility.

Brown has filed a memorandum in support of its motion, with its exhibits A-K thereto placed under seal.

## REQUEST FOR HEARING

Under Local Rule Cv. 7(c), Brown requests a hearing on this motion.  Brown has concurrently moved for summary judgment regarding the remaining counts in Plaintiff's Second Amended Complaint.  Brown estimates that the hearing will entail about one hour of the Court's schedule.

BROWN UNIVERSITY

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Fax: 401-454-1030
srichard@nixonpeabody.com

Michael Grabo (#6871)
Office of General Counsel
Brown University
350 Eddy Street
Box 1913
Providence, RI 02912
Tel: 401-863-1176
Fax: 401-863-1120
michael_grabo@brown.edu

Dated:  January 31, 2020

4838-2616-7986.1

## CERTIFICATE OF SERVICE

      I certify that, on the 31st day of January, 2020, I served a copy of this motion via the Court's CM/ECF system.

/s/ Steven M. Richard