UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br>    Defendant. | C.A. No. 17-191-JJM-LDA |

## ORDER

Brown University has asked the Court to reconsider its prior two rulings[1] allowing the Plaintiff to continue to litigate his case pseudonymously. ECF No. 89. Again, nothing of significance has changed that would cause the Court to reconsider its prior rulings.

The four paradigms that the First Circuit in *Doe v. Massachusetts Institute of Tech.*, 46 F.4th 61, 71-72 (1st Cir. 2022) now instructs courts to consider, do not change this Court's original analysis or the outcome. Revealing John Doe's identity pretrial "will cause him unusually severe harm" as the facts in this case involve allegations of sexual misconduct and the Plaintiff's mental health issues; it will involve "innocent non-parties" in that there are a number of accused and accusers currently using pseudonyms as well; it could "forestall a chilling effect on future litigants who may be similarly situated" because of the fear of having their mental

---

[1] *See* Text Order dated 12/11/2017 and ECF No. 47 ("Plaintiff's assertion of a social stigma from being identified as a perpetrator of sexual crimes that he claims he did not commit, remains no matter if he is a student.").

health and sexual activities exposed publicly and; the "prior proceeding [at Brown, were] made confidential by law." *Id.*

The Court will, however, consider requiring everyone's real names to be used at the trial itself. The effect on the jurors of the use of pseudonyms may be sufficient to overcome the reasons for allowing pseudonym's use pretrial.

The Court DENIES without prejudice Defendant's Motion for Reconsideration. ECF No. 89.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 4, 2022